JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
ISAAC C. WORKMAN, Assistant United States Attorney (#14031)
Attorneys for the United States of America
111 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 524-6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:19-CR-00189 |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR EXPEDITED TRIAL |
| GARY MARK HILL, | |
| Defendant. | Judge Dale A. Kimball |

The United States Attorney, by and through the undersigned Assistant United States Attorney, hereby moves for an expedited trial. As set forth below, the Court should schedule an expedited trial because: 1) Defendant has had the benefit of full discovery for over one year, 2) the parties previously prepared for trial in this case, 3) the case is simple, 4) Defendant has demanded a speedy trial, and 5) Defendant previously engaged in gamesmanship related to the Speedy Trial Act.

//

//

//

1

# **RELEVANT FACTS FROM PREVIOUS CASE**

Defendant was previously charged for the same offenses alleged in the present case.[1] The previous prosecution was dismissed without prejudice due to a 14-day Speedy Trial violation.[2]

In the previous case, Defendant was first represented by Ms. Mary Corporon. Through extensive pre-indictment negotiations, Defendant agreed to waive indictment and plead guilty to a Felony Information. At the change of plea hearing on May 8, 2018, Defendant arrived with new lawyer and, rather than plead guilty, Defendant's new lawyer requested a trial date in November of 2018 – approximately 180 days after the aborted change of plea.[3] Notably, Defendant's new counsel agreed that the time between May 8, 2018 and the new trial date should be excluded for purposes of Speedy Trial calculations based upon "the ends of justice."[4]

After Defendant reneged on the agreed settlement and his commitment to waive indictment, Defendant was, by necessity, charged by Indictment. Defendant was arraigned by Magistrate Judge Paul M. Warner on June 13, 2018.[5] This time Defendant's counsel asked for a trial date "at least" in to November 2018.[6] Defendant's counsel cited reasons related to continuity of counsel.[7] Defendant's counsel stated in regard to speedy trial, "I'm not sure if

---

[1] Defendant was first charged by felony information in case 2:18-cr-00001 and later by indictment in case 2:18-cr-00254.
[2] Case 2:18-cr-00254 at Doc. 29 and 34.
[3] Transcript of May 8, 2018 hearing before Judge Dale A. Kimball at page 4.
[4] May 8, 2018 Transcript at pages 5-6.
[5] Case 2:18-cr-00254 at Doc. 6.
[6] Transcript of June 13, 2018 hearing before Magistrate Judge Paul M. Warner at page 9.
[7] June 13, 2018 Transcript at pages 9-11.

this is helpful, but we would understand and agree that the time would be waived."[8] Defendant's counsel clarified that he intended the time "would be excluded from the clock."[9] Defendant's counsel acknowledged having received discovery but asked that it be "reproduced."[10] The Magistrate Judge scheduled the trial on August 20, 2018.[11]

One month later, on July 16, 2018, the United States filed proposed jury instructions, a proposed verdict form, and a proposed witness list.[12] On July 17, 2018, counsel for the United States informed Defendant's counsel by email that Defendant's counsel had yet to formally enter his appearance. Counsel for the United States asked Defendant's counsel to enter his appearance to ensure that Defendant's counsel would receive all case related notices and filings. On July 19, 2018, Judge Kimball's Chambers emailed the parties asking that Defendant's counsel "file a notice of appearance right away." Three days later Defendant's counsel entered his formal appearance.[13]

On July 30, 2018, counsel for the United States emailed Defendant's counsel about providing discovery anew and asked Defendant's counsel to provide the United States a hard-drive with a capacity over 166 gigabytes. Defendant's counsel responded by email stating, he would "try to get it" to the United States "this week or next." On August 15, 2018, the United States filed a notice of intent to rely on expert testimony.[14]

---

[8] June 13, 2018 Transcript at page 10.
[9] June 13, 2018 Transcript at page 10.
[10] June 13, 2018 Transcript at page 11.
[11] Case 2:18-cr-00254 at Doc. 6.
[12] Case 2:18-cr-00254 at Doc. 8 and 9.
[13] Case 2:18-cr-00254 at Doc. 12.
[14] Case 2:18-cr-00254 at Doc. 13

On August 17, 2018, Defendant filed a motion to continue the August 20, 2018 jury trial.[15] That same day the United States filed a supplemental motion to exclude time under the Speedy Trial Act.[16] On August 20, 2018, the Court granted the motion to continue and excluded time between July 30, 2018 and December 10, 2018.[17] On November 1, 2018, counsel for the United States emailed Defendant's counsel again inquiring about the promised hard-drive.

Despite twice requesting that time be excluded from the Speedy Trial clock, On November 5, 2018, Defendant filed a motion to dismiss on Speedy Trial grounds.[18]

On November 9, 2018, Defendant's counsel provided the United States with the anticipated hard-drive. On November 13, 2018, counsel for the United States informed Defendant's counsel by email that the hard-drive containing discovery was awaiting him at reception of the U.S. Attorney's Office. Defendant's counsel arranged for the hard-drive to be picked up the following day.[19]

On November 27, 2018, Judge Kimball found a 14-day Speedy Trial violation. On December 17, 2018, Judge Kimball ordered the case dismissed without prejudice.[20]

## ARGUMENT

**I. AN EXPEDITED TRIAL IS APPROPRIATE GIVEN THE UNIQUE PROCEDURAL HISTORY OF THE ALLEGATIONS.**

    **A.    Defendant has had the benefit of full discovery for many months.**

---

[15] Case 2:18-cr-00254 at Doc. 14.
[16] Case 2:18-cr-00254 at Doc. 15.
[17] Case 2:18-cr-00254 at Doc. 16.
[18] Case 2:18-cr-00254 at Doc. 20.
[19] Case 2:18-cr-00254 at Doc. 29.
[20] Case 2:18-cr-00254 at Doc. 34.

Defendant received full discovery by no later than June 15, 2018.[21] Defendant re-received full discovery on November 13, 2018.[22] The Court should find that Defendant has been privy to the evidence against him for over one year.

**B.      The parties have previously prepared for trial in this case.**

The parties were approximately one-month away from the second trial setting when Defendant moved to dismiss the indictment. Accordingly, the parties should be able to prepare for trial within a month's time.

**C.      This case is not complex.**

This is a simple case. Defendant sold machinegun conversion devices to undercover ATF agents on three occasions. The United States intends to call as few as five witnesses to testify at trial. The parties should be able to prepare to try this case in under the 70 days contemplated by the Speedy Trial Act.

**D.      Defendant has demanded a speedy trial.**

Defendant has demanded a speedy trial and the United States wishes to see defendant's request for a speedy trial be accommodated.

**E.      Defendant previously engaged in gamesmanship related to the Speedy Trial Act.**

Defendant previously manipulated the United States and Court to induce a Speedy Trial violation. Specifically, Defendant reached a negotiated pre-indictment settlement with the United States and scheduled a change of plea hearing only to later reverse course.[23]

---

[21] Case 2:18-cr-00254 at Doc. 7.
[22] Case 2:18-cr-00254 at Doc. 26.
[23] Case 2:18-cr-00001, the transcript of March 9, 2018 Initial Appearance before Magistrate Judge Wells at pages 4-6 and 9-10 and the transcript of the hearing on May 8, 2018 before Judge Kimball at pages 4-5.

Similarly, Defendant agreed to waive indictment at his initial appearance only to renege at a subsequent hearing. Throughout these inducements counsel for Defendant repeatedly assuaged the concerns of the Court and the United States by committing to waive time under the Speedy Trial Act, only to later move to dismiss on Speedy Trial grounds.

## **CONCLUSION**

The Court should find that an expedited trial setting best serves defendant's interests and the interests of justice. Accordingly, the United States moves for a trial setting in early to mid-August.

RESPECTFULLY SUBMITTED June 24, 2019.

JOHN W. HUBER
United States Attorney

/s/ *J. Drew Yeates*
J. DREW YEATES
Assistant United States Attorney