# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GARY MARK HILL,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:19CR189DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff United States' Motion to Expedite Trial. At Defendant's initial arraignment, Magistrate Judge Romero preliminarily set the three-day trial for September 3, 2019, pending this court's resolution of the government's motion. This court then expedited the briefing on the government's motion, and the parties have fully briefed the motion.

Defendant was previously charged for the same offenses in a prior case that this court dismissed without prejudice because of a 14-day Speedy Trial Act violation because of confusion in setting the trial date after a felony information was converted to an indictment. *See* Case No. 2:18-cr-254DAK, CM/ECF Docket No. 34.[1] The parties exchanged discovery in the prior case and got close enough to trial that the government filed proposed jury instructions, verdict form, and witness list.

---

[1] The parties' briefing spends an undue amount of time on who was to blame for the past Speedy Trial Act violation. While the court recognizes that some discussion of the prior case is instructive as to parties' desire not to have any further speedy trial issues in this case, the court already ruled in the prior case that the violation was the result of unintentional mistakes by all parties.

The government seeks an expedited trial to ensure that there are no Speedy Trial Act problems in the present case given Defendant's previous demand for a speedy trial. Defendant's response to the government's motion claims that the issue is moot because the Magistrate set a trial as requested by the government in early to mid-August. However, this court listened to the arraignment and Magistrate Judge Romero set the trial for September 3, 2019, which was the typical seventy-day Speedy Trial Act setting, pending this court's decision on the government's motion. She made clear on the record that she was not deciding the Motion to Expedite, she was setting the trial merely to have a trial date in place for potential Speedy Trial Act issues, and this court would determine the government's motion. Her final statement to the government was for counsel to call the district judge's chambers to get a hearing on its motion. After the arraignment, this court expedited the briefing on the motion and informed the parties that it would issue a written ruling on July 3, 2019. Therefore, the September 3, 2019, trial date is not within the government's requested time frame, it was merely a 70-day Speedy Trial Act placement pending this court's determination of the motion to expedite. The government made clear at the arraignment that it was proceeding with its motion to expedite. Therefore, the government did not waive or moot its motion by having the Magistrate Judge make a back-up trial setting.

At the arraignment, the government also clearly stated that it had contacted the district court's chambers and been informed that the court's availability for an expedited trial was the week of July 29, 2019. This court cannot hold a trial in this case on September 3, 2019. The court informed the government that the court has a four-week trial in an older criminal case from August 9, 2019 to September 6, 2019. This court will not continue the older case again, and the

2

trial is definitely proceeding on those dates. Therefore, the court informed the government that an expedited trial in this case would need to go on July 29, 2019. Hence, the government's statement regarding the district court's availability at the arraignment. Defendant has not indicated a problem with the week of July 29, 2019.

Defendant's response states that his counsel informed the Magistrate Judge that the September 3, 2019 trial date would not work with his schedule because he had a two-week, white-collar jury trial in state court in August. However, at the arraignment, he told the Magistrate Judge that the two-week trial in state court was in September. Defense counsel's response contains several conflicting references to August and September, which has complicated and confused Defendant's position. But regardless of whether defense counsel's state court trial is in August or September, it would not appear to pose a conflict with the July 29, 2019 trial date in this court. Despite the government's statement at the arraignment that the district court's availability was July 29, 2019, Defendant has not addressed any problems with that date and appears to be available on those dates.

The government has supported its motion for an expedited trial by arguing that the Defendant has had the benefit of full discovery in this case since at least November 13, 2018, the parties have been a month away from trial at least twice, this is a simple case with as few as five government witnesses, and the July 29, 2019 trial date satisfies Defendant's demand for a speedy trial and the Speedy Trial Act's requirement that trial occur at least thirty days from arraignment. Defendant has not disputed any of these assertions, and the court agrees with the government that a timely resolution of this matter is in the parties' best interests.

Based on the above reasoning, the court grants the government's Motion to Expedite

Trial and sets a three-day trial in this matter for July 29-31, 2019. If Defendant has grounds for continuing that trial date, he must specifically identify and support them in a motion to continue. The court will issue a separate Trial Order with pretrial deadlines and trial procedures in connection with the July 29, 2019 trial date.

DATED this 3rd day of July, 2019.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge