JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
ISAAC C. WORKMAN, Assistant United States Attorney (#14031)
Attorneys for the United States of America
111 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 524-6924

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GARY MARK HILL, Defendant. | Case No. 2:18-cr-00189 MOTION IN LIMINE TO PRE-ADMIT TRIAL EVIDENCE Judge Dale A. Kimball |

The United States Attorney, by and through the undersigned Assistant United States Attorney, hereby moves to pre-admit the defendant's post-Miranda interview with ATF agents into evidence to be presented at trial. Pursuant to Federal Rules of Evidence, Rule 801(d)(2), Mr. Hill's Statements are Admissible as Statements by an Opposing Party. Because Mr. Hill was advised of his *Miranda* rights prior to being questioned and he did not unambiguously request counsel, his statements are not subject to suppression.

In *Davis v. United States*, 512 U.S. 452, 458-59 (1994), the Court held that the clarity of the invocation of the *Miranda* right to counsel should be determined objectively from the perspective of a reasonable police officer under the circumstances. In making determinations about the clarity of *Miranda* invocations, the courts of appeal have asked whether the

1

invocation was unambiguous or unequivocal. *See United States v. Teleguez*, 492 F.3d 80, 88 (1st Cir. 2007); *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007).

Here, Defendant mentioned "lawyer" ambiguously and equivocatingly. Specifically, Defendant stated, "If I fully cooperate, and I have no intentions of not fully cooperating, I just don't know if having a lawyer will be better for me. That's why I want to fully cooperate, I just, I don't want to go to jail." Shortly thereafter, Defendant stated, "I don't know what I am supposed to do, whether I, if having a lawyer, even if a lawyer was present, I'd be fully cooperative. I just don't know if a lawyer is going to tell me to do or say certain things that are the right." Moments later, Defendant stated "I'll fully cooperate. Yes. Yes. Yes, I'll talk to you." Defendant then signed the *Miranda* rights waiver form (Attached as Exhibit A.).

No reasonable police officer would understand Defendant's voiced stream of consciousness as a clear, unequivocal, or unambiguous invocation of the right to counsel. Indeed, the Court should find that Defendant's references to "a lawyer" were vague, unclear, equivocating and ambiguous.

Accordingly, based on the foregoing reasons, the Court should admit Defendant's interview[1] into evidence at this time.

RESPECTFULLY SUBMITTED July 10, 2019.

        JOHN W. HUBER
        United States Attorney

        */s/ Isaac C. Workman*
        ISAAC C. WORKMAN
        Assistant United States Attorney

---

[1] The United States will provide a copy of the interview on CD to Chambers on July 11, 2019. The *Miranda* admonishment and the Defendant's waiver occur in the first three-minutes of the interview.