J. Morgan Philpot (Utah Bar No. 11855)
morgan@jmphilpot.com
*Attorney for Defendant, Gary Mark Hill*
JM PHILPOT LAW, PLLC
620 East 100 North
Alpine, UT 84004
(801) 810-8369

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GARY MARK HILL, *Defendant*. | Case No. 2:19-cr-00189-DAK<br><br>MOTION TO SUPPRESS & FOR KASTIGAR HEARING & TO CONTINUE TRIAL DATE OF JULY 29<br><br>*Evidentiary Hearing & Oral Argument is Requested*<br><br>Judge: Dale A. Kimball |

Under local rule DUCrimR 12-1(e), a motion to suppress which also requests an evidentiary hearing, "shall state with particularity and in summary form without an accompanying legal brief the following: (i) the basis for standing; (ii) the evidence for which suppression is sought; and (iii) a list of the issues raised as grounds for the motion." The rule also provides that, "[u]nless the court otherwise orders, **neither a memorandum of authorities nor a response by the government is required.** At the conclusion of the evidentiary hearing, the court will provide reasonable time for all parties to respond to the issues of fact and law raised in the motion unless the court has directed pretrial briefing or otherwise concludes that further briefing is unnecessary." (Emphasis added.)

## I. Basis for Standing

In early 2017, Defendant, Mr. Hill, was arrested and while in federal custody, he was interrogated by federal officers. The government created a video and audio recording of the

interrogation. During the early stages of the interrogation, Defendant unambiguously expressed his desire to be cooperative, but only through legal counsel. Rather than end the interrogation, federal agents coerced Defendant into continuing the interrogation by making a series of false and misleading statements and/or promises. By asserting his right to counsel, Defendant invoked fundamental constitutional rights and established his standing to bring this motion to suppress under, *inter alia*, the Fifth Amendment, as explained in *Berghuis v. Thompkins*, 560 U.S. 370, 387-88 (2010); *Miranda v. Arizona*, 384 U.S. 436 (1966) and *United States v. Cash*, 733 F.3d 1264, 1277 (10th Cir. 2013). Evidence obtained as a result of a custodial interrogation after an individual requested an attorney must be suppressed. *See Edwards v. Arizona*, 451 U.S. 477, 479–80 (1981); *United States v. Yepa*, 862 F.3d 1252, 1257 (10th Cir. 2017), cert. denied, 138 S. Ct. 1262 (2018).

On November 05, 2018, Defendant Gary Mark Hill filed a Motion to Suppress Evidence. (Case No. 2:18-cr-00254, Dkt. No. 20). Subsequently, on November 9, 2018 this court accepted the United States agreement not to use the evidence if that trial date was maintained. (Case No. 2:18-cr-00254, Dkt. No. 25). Based upon that concession this court found that the Motion to Suppress Evidence was moot and that the Defendant's statement made during the custodial interrogation and all investigative and evidentiary fruits derived therefrom would be suppressed. *Id.*

The court then expedited briefing on the Defendant's Motion to Dismiss (Case No. 2:18-cr-00254, Dkt. No. 21) and thereafter dismissed on Speedy Trial Violations on November 27, 2018 and vacated the December 10, 2018 trial date. (Case No. 2:18-cr-00254, Dkt. No. 34).

//

//

## II. The Evidence for Which Suppression is Sought

Defendant asserts that his statements made during the custodial interrogation and all investigative and evidentiary fruits derived therefrom are already suppressed pursuant to this Court's Order. (Case No. 2:18-cr-00254, Dkt. No. 25). This must especially hold true where the government has sought to pick up where it left off from the previously dismissed case by filing a Motion to Expedite Trial on June 24, 2019 and obtaining an expedited trial just over 30 days thereafter. (Dkt. No. 6 and 12). Additionally, the government failed to object to the previous suppression and time for reconsideration has passed.

If this Court does not hold over the previous order of suppression then Defendant herein seeks, by this motion, to suppress his statements made during the custodial interrogation and all investigative and evidentiary fruits derived therefrom.

## III. List of the Issues Raised as Grounds for the Motion

Issue #1: During a custodial interrogation, Defendant unambiguously invoked his right to proceed only after consulting with an attorney.

Issue #2: Government agents, fully aware of Defendant's invocation of his constitutional rights, failed to cease interrogation, and instead used coercion and false statements to keep Defendant talking during the subsequent, extensive interrogation.

Issue #3: No evidentiary hearing was ever held in this or the previous matter on a motion to suppress.

Issue #4: No evidentiary hearing was ever held in this or the previous matter to ascertain the investigative and evidentiary fruits derived from the Defendant's custodial interrogation.

//

//

### IV. Need for Suppression Hearing and Kastigar Hearing

Whether the Court maintains the previously granted suppression or not, Defendant moves for a hearing on this Motion to Suppress and for a Kastigar hearing to determine what investigative and evidentiary fruits were derived from the Defendant's custodial interrogation and whether the government can prove by a preponderance of evidence that its remaining evidence, trial strategy and witnesses, etc. are not tainted fruits of the interrogation or evidence tainted by the government's access to and use of this evidence. As a matter of law, the government may only proceed to trial if it "is able to prosecute its case by presenting untainted evidence derived from legally acquired materials." *United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112, 1118 (10th Cir. 1998).

Additionally, a hearing(s) and potentially further motion practice is needed to determine whether the attorneys and investigators who have worked on this case were exposed to this unlawful evidence so as to eliminate all taint from prior access and use. Kastigar is violated "…whenever the prosecution puts on a witness whose testimony is shaped, directly or indirectly, by compelled testimony, regardless of how or by whom he was exposed to that compelled testimony." *United States v. North*, 920 F.2d 940, 942 (D.C. Cir. 1990).

### V. Request for Continuance

Simply maintaining the previously ordered suppression is not enough; a continuance is needed to hold a Kastigar hearing in this matter and time would naturally be excluded from the Speedy Trial calendar under 18 U.S. Code § 3161 from the filing of this motion through the conclusion of the hearing on this motion. A hearing on this motion and on suppression and/or a Kastigar hearing cannot reasonably be accomplished prior to the current trial date. Defendant needs time to prepare for the suppression and/or Kastigar hearing as will the government.

Additionally, depending on how this motion is decided and how the hearings go, Defendant will need time to file additional motions based upon the government's reliance upon suppressed information to obtain the new indictment in this matter. The government is not entitled to use or rely upon suppressed evidence, or any fruits derived from it. *Nix v. Williams*, 467 U.S. 431, 444, 104 S. Ct. 2501 (1984)(quoted by Lin Lyn Trading, Ltd., 149 F. 3d at 1118).

## VI.     Timeliness of this Motion

This motion is timely. Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that suppression motions be made before trial where "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *Id*. Local Rule DUCrimR 12-1(a) requires that pretrial motions be filed "not later than fourteen (14) days before trial, or at such other time as the court may specify." *Id*. The court's trial order in this matter, see Doc. No. 13, does not provide a deadline for motions to suppress but it does provide that all motions in limine are to be filed by July 10, 2019.

Dated this 10th day of July 2019.

>JM Philpot Law, PLLC
>
>*/s/ J. Morgan Philpot*
>J. Morgan Philpot, USB #11855
>Attorney for Defendant, Gary Mark Hill

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2019 a true and correct copy of the foregoing **MOTION TO SUPPRESS** was served as set forth below:

| | |
|---|---|
| J. Drew Yeates (USB #9811) <br> Assistant United States Attorney <br> Isaac C. Workman (USB # ) <br> Assistant United States Attorney <br> 111 S. State Street, Suite 1800 <br> Salt Lake City, UT 84111 <br> (801) 524-5682 <br> drew.yeates@usdoj.gov | [ ] U.S. Mail <br> [ ] Federal Express <br> [ ] Hand-Delivery <br> [ ] Fax <br> [ ] Email <br> [ x ] Court Aprv'd e-filing |

JM PHILPOT LAW, PLLC

*/s/ J. Morgan Philpot*
J. Morgan Philpot
*Attorney for Defendant*