# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>GARY MARK HILL,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19CR189DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Gary Mark Hill's "Motion to Suppress & For *Kastigar* Hearing & To Continue Trial Date of July 29," filed July 10, 2019. Because of the relatively close proximity of the trial date and the parties' need to know whether to prepare for trial, the court requested that the parties file expedited briefing on the motion. Plaintiff United States filed a response to Defendant's motion on July 12, 2019, and Defendant filed a reply in support of his motion on July 15, 2019.

In March 2017, federal officers arrested Defendant for allegedly dealing in machine guns without a license after the officers allegedly conducted three undercover purchases of machine guns from Defendant. On March 16, 2017, while Defendant was in custody, federal officers interviewed Defendant and captured the interview in a video and audio recording. Defendant brings a motion to suppress his statements made during the custodial interview and all investigative and evidentiary fruits derived from it, claiming that the officers continued to interrogate him after he invoked his Sixth Amendment right to counsel.

Defendant brought a similar motion to suppress in a previous case against him. *See* Case No. 2:18-CR-254, Dkt. No. 20. This court dismissed the previous case against Defendant without prejudice because of a mistaken trial setting. *Id.* Dkt. No. 25. In the prior case, the United States agreed to suppress the recording of the custodial interview in order to keep their scheduled trial date. *Id.* Dkt. No. 24. Based on the United States' stipulation regarding the evidence, the court found Defendant's motion to suppress moot. *Id.* Dkt. No. 25. Defendant claims that the court's prior suppression order is still in effect. However, the court did not previously suppress the evidence. The court merely found the motion to suppress to be moot based on the United States' stipulation not to use the recording.

In response to Defendant's present motion to suppress in the present case, the United States again agrees not to use the interrogation recording, directly or derivatively, in its case-in-chief in order to keep the current trial date. Although Defendant claims that the court can search the United States' response in vain for any argument that the post-Miranda custodial interview was legal, the United States specifically stated that its concession not to offer evidence from the interrogation in its case-in-chief was done without conceding any violation of *Miranda* during the custodial interview and while re-asserting that Defendant's motion to suppress is without merit. The United States also reserved the right to litigate the motion to suppress on the merits if the court continued the trial to a later date. Therefore, even though the United States offered a concession as to the evidence to keep the current trial date, the United States denied the merits of the motion. Moreover, even if the motion to suppress needed to go forward, there was no need for the United States to address specific arguments related to the merits of the motion to suppress in its response because the court holds evidentiary hearings on motions to suppress prior to the

2

parties' briefing of the motions.

Defendant argues that even with the United States' concession as to the interview recording, he is entitled to a "*Kastigar*-like" or "fruits" hearing for the court to determine what evidence should be excluded as "fruit of the poisonous tree."[1] Defendant asserts that "the fruit of the poisonous tree doctrine has been regarded as a rule prohibiting the government from using in any manner prejudicial to the accused information derived from facts learned as a result of the unlawful acts of its agents." 43 A.L.R.3d 385. But this argument ignores the United States' assertion that the evidence it intends to offer at trail was obtained prior to the custodial interview or contemporaneous with the custodial interview but unconnected to the custodial interview.

The United States plans to present evidence about three undercover purchases of machine guns from Defendant from before his arrest and evidence collected during the execution of a search warrant of Defendant's residence and one of his vehicles, which was done either prior to or contemporaneous with, but independent of, Defendant's custodial interview. While Defendant claims that a *"Kastigar*-like" or "fruits" hearing is necessary, the court agrees with the United States that given the timing of its collection of this evidence, none of this evidence could be considered derivative of the custodial interview.[2] Defendant claims that the United States cannot

---

[1] *Kastigar v. United States*, 406 U.S. 441 (1972), factually and legally does not apply to the present case because the case does not involve compelled grand-jury testimony or a grant of immunity. Although Defendant asked for a *Kastigar* hearing, his reply memorandum appears to admit that he wants a *"Kastigar*-like" or "fruits" hearing that would apply a burden-shifting analysis and require the United States to prove that any evidence it offers at trial is untainted by the custodial interview.

[2] Even if some of the physical evidence from the search warrants had been obtained after the interview, the fruit of the poisonous tree doctrine does not typically apply to *Miranda* violations. *United States v. Patane*, 542 U.S. 630, 636-37 (2004).

be allowed to self-police what evidence comes in at trial. But, factually, the fruit of the poisonous tree does not apply even if there was some legal basis for applying the doctrine under the alleged Fifth and/or Sixth Amendment violations.[3] There is no reason for this court to have a hearing to determine whether evidence obtained prior to or contemporaneous with but unconnected to the custodial interview is derivative of the custodial interview when there is no factual possibility that it can be derivative of the interview.

Based on the government's agreement not to introduce the custodial interview or any evidence obtained after the custodial interview occurred in its case-in-chief, the court concludes that Defendant's motion to suppress is moot. The court also concludes that there is no need for the court to hold any other kind of hearing to determine whether the United States' evidence is tainted by the custodial interview because the United States agrees not to admit any evidence obtained after the custodial interview occurred.

The United States' stipulation does not entirely moot the Untied States' motion in limine to pre-admit the custodial interview recording. Whether or not a Fifth or Sixth Amendment violation occurred during the interview, the United States has a right to introduce the interview recording for purposes of impeachment should Defendant testify. *See Kansas v. Ventris*, 556 U.S. 586 (2009); *United States v. Patane*, 542 U.S. 630 (2004); *Michigan v. Harvey*, 494 U.S. 344 (1990); *Oregon v. Elstad*, 470 U.S. 298, (1985). However, the United States should clarify with the Court and Defendant that its motion in limine is limited to offering the recording for impeachment purposes.

---

[3] Even if the doctrine applied, given the timing of the officers' collection of the evidence, it is not derivative of Defendant's interview statements and the evidence would be considered untainted evidence from an independent source.

Finally, the court concludes that Defendant's motion to suppress does not provide a basis for moving the trial from its current date. Defendant acknowledges that his motion for a continuance is based only on the motion to suppress and he has not sought an ends-of-justice continuance. If Defendant requires an ends-of-justice continuance of the trial date, he must present an adequate basis for such a continuance under the Speedy Trial Act. The deadlines in the court's Trial Order remain in place in connection with the July 29, 2019 trial date.

Based on the above reasoning, Defendant's Motion to Suppress & For *Kastigar* Hearing & To Continue Trial Date of July 29 [Docket No. 17] is MOOTED IN PART AND DENIED IN PART as discussed above.

DATED this 16th day of July, 2019.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge