# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>GARY MARK HILL,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19CR189DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendant Gary Mark Hill's Motion for Directed Verdict on the Grounds the Statute Upon Which the Government Relies Is Void for Vagueness. Defendant filed the motion after the government rested its case at trial. In accordance with Federal Rule of Civil Procedure 29(b), the court reserved ruling on the motion and proceeded with the trial. The jury returned a verdict finding Defendant guilty on both charged counts. After trial, the United States filed a response to Defendant's motion. Defendant did not file a reply, but the time for doing so has passed. Accordingly, the court considers the motion fully briefed.

       As an initial matter, Defendant's "Motion for Directed Verdict" is not specifically provided for in the Federal Rules of Criminal Procedure, and Defendant's motion fails to cite under which rule it is filed. Federal Rule of Criminal Procedure 29 provides for a Motion for Judgment of Acquittal to be filed when Defendant filed his motion in this case at the close of United States' case. However, the United States points out that the nature of the motion–seeking

a ruling that the statute is unconstitutionally void for vagueness–is more akin to a motion to dismiss under Rule 12 than a motion for judgment of acquittal under Rule 29. The court agrees that a void-for-vagueness challenge would have been more properly asserted in a pretrial motion to dismiss. The motion was reasonably available to Defendant before trial and the issue of whether the statute properly gave Defendant fair notice that his conduct was illegal could have been determined without a trial on the merits. While a motion that the court lacks jurisdiction may be made at any time, Defendant's void-for-vagueness challenge to the statute could and should have been raised before trial. Accordingly, the court finds the motion untimely under Rule 12(b)(3).

Nonetheless, to the extent that the motion could be construed as a motion for judgment of acquittal under Rule 29, the court must "determine whether 'viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.'" *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001). In making this determination, the court does not weigh the evidence or make credibility determinations, but simply determines "whether evidence, if believed, would establish the element of the crime." *Id.*

In this case, Defendant contends that the definition of a machine gun in 26 U.S.C. § 5845(b) is unconstitutionally vague. That section defines the term "machine gun," in relevant part, as "any part designed and intended solely and exclusively . . . for use in converting a weapon into a machinegun." *Id.* A statute is unconstitutionally vague when it fails to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "[V]agueness challenges to statutes which do not

involve First Amendment freedoms must be examined in the light of facts of the case at hand."
*United States v. Mazuire*, 419 U.S. 544, 550 (1975).

The United States presented evidence during its case-in-chief that Defendant (1) advertised his devices as "semi/full auto" switches for Glock handgun models 17, 19, 20, 21, 22, and 23, rather than advertising them as devices for toy guns, (2) charged $300 for each device, which would be unusually high for a toy device, and (3) told detectives how the device worked to make the gun fully automatic. The United States also presented evidence from a firearms expert that airsoft guns do not have the same internal firing pins as a Glock so Defendant's device would not work as well on an airsoft gun. From that evidence, a jury could reasonably conclude that Defendant's device was a part designed and intended solely and exclusively for use in converting a weapon into a machinegun. In addition, a person of ordinary intelligence would have known from the language of the statute that it was unlawful to possess or transfer a machinegun conversion device like Defendant's. Therefore, the statute was not unconstitutionally vague as applied to Defendant and there was sufficient evidence to convict Defendant under the statute. Accordingly, the court denies Defendant's Motion for Directed Verdict.

DATED this 30th day of January, 2020.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge